UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDYTA KATSANOS, individually and on behalf
of all other persons similarly situated,

                                Plaintiff,

- against -

153 WOODCLEFT CORP. d/b/a SUGAR
DADDY'S GENTLEMEN'S CLUB, 4914
QUEENS GROUP, INC., d/b/a SECRETS
GENTLEMEN'S CLUB, REVIEW
ENTERTAINMENT, INC., d/b/a ROUGE
GENTLEMEN'S CLUB, ANTONIO CAUSI,
DENNIS CONWAY, THOMAS DEVITT,
GERALD MONFORT, LOUIS PAZIENZA,
and DAVID SCANNAPIEGO, jointly and
severally,

                              Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-4409 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Edyta Katsanos brings this action under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). (Compl. (Doc. No. 1).) The parties have entered into a settlement agreement, and now ask that the Court approve the agreement as "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing, USA, Inc.*, No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks omitted); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court").

      The parties have submitted a joint motion for settlement attesting "that the settlement agreement is fair and reasonable," as well as a copy of the settlement agreement. (J. Mot. for

Settlement (Doc. No. 50) at 1; Settlement Agreement and General Release ("Settlement Agreement") (Doc. No. 50-1).) The agreement provides for a total payment of $35,000 in settlement, with $25,000.02 payable to Katsanos and $9,999.98 payable to Katsanos' counsel as fees and costs. (Settlement Agreement at ¶ 5.) The parties have outlined the serious litigation risks faced by Katsanos if the case were to go forward, such as defendant David Scannapiego's potential defense against individual liability, and Katsanos' own potential limitations in establishing her hours and wages. (J. Mot. for Settlement at 1.) Even if Katsanos were to prevail at trial, defendants' financial difficulties could impact her recovery. (*Id.*)

In short, the settlement is a reasonable compromise of the disputed issues between the parties. It is the result of arms-length negotiations and reflects the litigation and financial risks faced by both Katsanos and defendants. In addition, the $9,999.98 in legal fees represents less than one-third of the total settlement amount, a percentage that courts in this Circuit have found reasonable. *See Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315 (ADS), 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016) ("The $1,666.66 in attorneys' fees and costs represent one third of the total settlement amount. Although the Pechman firm does not make clear the amount of hours its lawyers expended on litigation with 7-Eleven, the case has involved written discovery, a court conference, and extensive settlement negotiations. Under these circumstances, the Court finds that $1,666.66 in fees and costs to be fair and reasonable."); *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) ("[T]he total attorneys' fees represents less than one third of the total settlement amount, which courts in this Circuit have also found to be reasonable.").

Accordingly, the agreement awarding Katsanos $35,000, inclusive of $9,999.98 in legal fees, is approved and the case is dismissed. The Clerk of Court is respectfully directed to close the file.

SO ORDERED.

Dated: Brooklyn, New York
June 16, 2016

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge